**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| ERIC MONSON,<br><br>          Petitioner,<br><br>     v.<br><br>DOCTOR BROWN,<br><br>          Respondent. | **ORDER TO AMEND DEFICIENT<br>PETITION**<br><br>Case No. 2:10-CV-484 CW<br><br>District Judge Clark Waddoups |

Petitioner, Eric Monson, an inmate at the Utah State Hospital, filed this *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2241 (2010). In reviewing the petition to determine whether to order an answer, the Court has determined that Petitioner's petition is deficient as described in this Order. *See id.* Petitioner must cure these deficiencies if he wishes to pursue his claims.

**Deficiencies in Petition**:

Petition:

(a)      does not clearly state a claim under § 2241.

(b)      possibly does not identify the proper respondent, as the respondent should be the warden, superintendent, jailer or other custodian.

(c)      has claims appearing to be based on the illegality of Petitioner's current confinement; however, the petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution. *See Lewis v. Casey*, 518 U.S. 343, 356

(1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

(d)     appears to allege claims regarding Petitioner's conditions of confinement, which are inappropriately brought in this habeas petition.

(e)     is not clear as to whether it attacks Petitioner's underlying conviction and sentencing under 28 U.S.C.S. § 2254 or the execution of his sentence under 28 U.S.C.S. § 2241.

**Instructions to Petitioner**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a

2

pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original). Second, the petitioner must clearly state whom his custodian is and name that person as the respondent. Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241. Finally, Petitioner should

seek help from the hospital's legal resources with preparing initial pleadings.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide;

(3) if Petitioner fails to timely cure the above noted deficiencies in accordance with the instructions herein this action will be dismissed without further notice.

DATED this 18th day of August, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge